**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELENA RIVERA-MARCUCCI, personally and on behalf of her minor son, A.R.R., | CIVIL NO. 17-1422 |
| Plaintiffs, | |
| v. | ATTORNEY'S FEES AND COSTS |
| DEPARTMENT OF EDUCATION OF PUERTO RICO, and the COMMONWEALTH OF PUERTO RICO, | |
| Defendants. | |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1.   This is an action for attorney's fees and costs brought by Mrs. Elena Rivera-Marcucci, personally and on behalf of her minor son, A.R.R.

2.   A.R.R. is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3.   This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a disability who is a prevailing party in an administrative

Verified Complaint
Case No. 17-1422

proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R.

§ 300.517(a)(1)(i) (2010).

## JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court by 20 U.S.C. §§

1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201

and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5.    Venue is proper in this District Court pursuant to 28

U.S.C. § 1391 as the events giving rise to this claim occurred in

this district, and all parties are residents of Puerto Rico.

## PARTIES

6.    Co-plaintiff Mrs. Elena Rivera-Marcucci is the mother

and legal custodian of minor A.R.R.

7.    Co-plaintiff A.R.R. is an eight (8) year old boy born on

June 25, 2008, who is diagnosed with Down syndrome and intellectual

disability, conditions that require specialized education and

related services for him to be able to receive a free appropriate

public education.

8.    A.R.R. resides with his mother and father, Mr. Wilfredo

Ramos-Pérez, in the Municipality of Bayamón, Puerto Rico, with

physical and postal address in Villas de San Agustín, Q-14 12th

Street, Bayamón, P.R. 00959.

Verified Complaint
Case No. 17-1422

9.   A.R.R. is duly registered with the Department of Education of Puerto Rico (hereinafter referred to as the "DOE") as a child with disabilities with registration number 0021-5437, and is registered in the DOE's Bayamón II District within the Bayamón Region.

10.   A.R.R. is enrolled, at public cost, in the Centro Educativo C.E.M.I. private educational institution in the Municipality of Bayamón.

11.   As a child with disabilities, A.R.R. is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the DOE.

12.   Plaintiffs seek that defendants be ordered to provide the attorney's fees and costs entitled to them as prevailing parties during administrative case number 2016-011-030, as well as those incurred in the prosecution of the instant action.

13.   The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

14.   As a recipient of federal funding under the IDEA, the DOE is responsible for providing a free appropriate public

Verified Complaint
Case No. 17-1422

education suited to the individual needs of minor A.R.R., a child with disabilities.

15. The physical address of the DOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

16. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

17. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is Olimpo Street, Axtmayer Corner, Stop 11, San Juan, P.R., and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

### STATEMENT OF THE CASE

18. On December 2, 2016, plaintiffs filed administrative complaint number 2016-011-030 requesting that the DOE be ordered to provide A.R.R. with an appropriate individualized education plan, private placement at public cost in the Centro Educativo C.E.M.I. school, and several related services and compensatory time to offset the services wrongfully denied to ARR.

19. The administrative due process hearing was held on December 1, 2016 before administrative law judge ("ALJ") Juan

Verified Complaint
Case No. 17-1422

Palerm-Nevares in the Offices of the DOE's Special Education Legal

Division in Hato Rey.

20. On February 24, 2017, ALJ Palerm-Nevares issued a

resolution ordering the DOE to provide all the relief sought in

the due process complaint.

21. The resolution issued by ALJ Palerm-Nevares in case

number 2016-011-030 was not appealed by the DOE and, therefore,

became final.

22. In view that the relief requested in the due process

complaint was obtained, making plaintiffs the prevailing party,

IDEA's section 1415(i)(3)(B) provides for the payment of the

attorney's fees and costs incurred in the administrative

proceeding, as well as those additional fees and costs spent in

the present litigation.

**FIRST CAUSE OF ACTION**

23. Plaintiffs re-allege and incorporate paragraphs 1

through 22 of this *Verified Complaint*.

24. IDEA's section 1415(i)(3)(B) provides that a federal

district court can award attorney's fees and costs to the parents

or guardian of a child with a disability who is a prevailing party

in an administrative or judicial proceeding. See also 34 C.F.R. §

300.517(a)(1)(i).

Verified Complaint
Case No. 17-1422

25.  The relief requested in the administrative proceeding was granted by the hearing officer, making plaintiffs the prevailing party in such proceeding. Consequently, plaintiffs are entitled to attorney's fees pursuant to 20 U.S.C. § 1415 (i)(3)(B)(i)(I).

26.  Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number 2016-011-030, as well as those additional fees and costs which will be spent in the present litigation up to its final disposition.

27.  Attached to this *Verified Complaint* is a detailed invoice for the legal services provided up to date by plaintiffs' counsel in administrative proceeding number 2016-011-030, and in the preparation and filing of the instant case complaint. See **Exhibit #1**, itemized invoice number 16051.

28.  All costs itemized in Exhibit #1 were necessarily incurred in the successful prosecution of administrative proceeding number 2016-011-030, and in the preparation and commencement of this civil action.

29.  The hourly rate charged for the services provided by the undersigned attorney is $150.00 per hour, charged in one tenth of an hour (.10) increments.

30.  The undersigned attorney's $150.00 hourly rate has been

Verified Complaint
Case No. 17-1422

repeatedly held reasonable and appropriate by this Honorable Court
for special education litigation in Puerto Rico. See, Ortiz-
Cardona v. Department of Education of Puerto Rico, No. 15-3121
(D.P.R. March 24, 2017)(ECF No. 33)(Delgado, J.); Cintrón-Marzán
v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R.
October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v.
Department of Education of Puerto Rico, No. 16-2424 (D.P.R.
September 14, 2016)(ECF No. 17)(Gelpí, J.).

31.  The undersigned attorney is a sole practitioner with
twelve years of experience actively litigating civil cases in
federal and state courts.

32.  In May of 2000, the undersigned obtained a Bachelor of
Science in Business Administration degree with majors in finance
and management, as well as a minor in economics, with honors, from
the University of Florida, Warrington College of Business
Administration in Gainesville, Florida.

33.  The undersigned then obtained a *juris doctor* degree,
with *cum laude* honors, from the University of Puerto Rico, School
of Law, in June of 2003.

34.  The undersigned was admitted to the Puerto Rico Bar
shortly after graduating from law school, achieving a 97 percentile
result in the bar exam, and was sworn in to the Bar by the Puerto

Verified Complaint
Case No. 17-1422

Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

35.  On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

36.  On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714), and on September 13, 2004 to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

37.  Since 2004, the undersigned has been actively litigating multiple cases in federal and state courts.  In fact, as of this date the undersigned figures as counsel in reported cases from this District Court and the First Circuit.  See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart

Verified Complaint
Case No. 17-1422

Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March

13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-

01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011);

Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-

01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011);

Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010

PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo

International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-

00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008);

Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App.

Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International,

LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR

App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v.

Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis

2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco

Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721

(P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza

Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis

1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC

v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR

App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

    38. Counsel for the appearing parties has effectively

9

Verified Complaint
Case No. 17-1422

represented clients in numerous special education cases before administrative forums all over the Island, and in local and federal judicial courts. See, e.g., Rojas-Mercado v. DOE, 2008-014-011, 2010-014-001; Delgado-López v. DOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Himnández v. DOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. DOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. DOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Himnández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD); Buono-Toledo v. DOE, 2010-020-008; Arroyo-Meléndez v. DOE, 2010-013-054; Santos-Ortiz v. DOE, 2010-004-035; Fernández-González v. DOE, 2010-050-005, 2011-050-006; Santa-Rodriguez v. Commonwealth of P.R., 11-1086 (SEC); Himnández-Santiago v. DOE, 2011-066-001; De la Cruz-Santiago v. DOE, 2011-066-002; Rosado-

10

Verified Complaint
Case No. 17-1422

Galagarza v. DOE, 2011-073-004; Rodríguez-Betancourt v. DOE, 2011-100-019; Betancourt-Rodríguez v. DOE, 2011-100-026, 2011-100-072; Llaneza-Sarnelli v. DOE, 2011-030-035, 2011-030-080; Gonzalez-Warren v. DOE, 2011-069-019; Prieto-Reyes v. DOE, 2011-069-019; Matos-Canales v. DOE, 2011-095-034; Morales-Rivera v. DOE, 2011-052-020; Meléndez-Rivera v. DOE, 2011-031-021; Arroyo-Rivera v. Commonwealth of P.R., 11-1927 (DRD); Galagarza-Flores v. Commonwealth of P.R., 11-1997 (GAG); Santiago-Morales v. Commonwealth of P.R., 11-2020 (GAG); Oquendo-Oliveras v. DOE, 2011-095-043; Robelo-Rodríguez v. DOE, 2011-107-049; López-De Jesús v. DOE, 2012-107-016; Pacheco-Cubero v. DOE, 2012-107-016; Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB); Betancourt-Morales v. Commonwealth of P.R., 12-1087 (GAG); Matos-Tallada v. Commonwealth of P.R., Civil No. 12-1131 (SCC); López-Lamboy v. Commonwealth of P.R., 12-1138 (JAG)(BJM); Sarnelli-Montero v. Commonwealth of P.R., 12-1209 (PG); Gómez-Pérez v. DOE, 2012-107-016; Colón-Ruiz v. DOE, 2012-064-003; Oquendo-Oliveras v. DOE, 2011-095-043, 2012-095-011; Rivera-Santiago v. DOE, 2012-107-016; De la Paz-Levine v. DOE, 2012-011-011; Menéndez-Vergara v. DOE, 2013-111-036; Ríos-Díaz v. DOE, 2013-111-036; Castrello-Lago v. DOE, 2012-064-033; Oliveras-Rosado v. Commonwealth of P.R., KPE

11

Verified Complaint
Case No. 17-1422

2012-1130 (907); Warren-González v. Commonwealth of P.R., Civil

No. 12-1097 (FAB); Toledo-Barrionuevo v. Commonwealth of P.R.,

Civil No. 11-1949 (FAB); González-Pérez v. Commonwealth of P.R.,

Civil No. 12-1093 (JAF); Levine-Díaz v. Commonwealth of P.R., Civil

No. 12-1804 (ADC)(SCC); Santiago-Calderón v. Commonwealth of P.R.,

Civil No. 12-1708 (FAB)(CVR); Cubero-Pérez v. Commonwealth of

P.R., Civil No. 12-1677 (PG).

  39.  Plaintiffs' counsel has participated in three IDEA cases

before this District Court that resulted in published opinions.

See Torres-Serrant v. Department of Education of P.R., 100 F. Supp.

3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R.,

45  F.  Supp.  3d  338  (D.P.R.  2014);  Hernández-Rodríguez  v.

Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

  40.  Based  on  the  educational  and  practical  experience

gathered by the undersigned attorney, the hourly rate of $150.00

should continue to be upheld as reasonable.

  41.  Plaintiffs'  counsel  hourly  rate  falls  within  the

spectrum  of  the  prevailing  rates  for  attorney's  in  the  legal

community of Puerto Rico for specialized cases such as the one of

caption.  Hourly rates of $200.00 and higher have been accepted by

the Department of Education and ordered by this District Court in

similar cases to the one at hand. See, e.g., Zayas v. Commonwealth

Verified Complaint
Case No. 17-1422

of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998)(deeming as reasonable a $135.00 hourly rate for a Puerto Rico attorney nineteen (19) years ago).

42. The $150.00 hourly rate of the undersigned counsel, billed in one tenth of an hour (.10) increments, should be held as reasonable based on the undersigned's experience and track record in special education federal and state litigation.

### PRAYER FOR RELIEF

**WHIMEFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor and hold defendants liable for the payment of the attorney's fees and costs incurred in the administrative due process proceeding, plus any additional fees and costs incurred in the prosecution of this action, as well as any other and further relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 31st day of March, 2017.

S/Francisco J. Vizcarrondo-Torres
FRANCISCO J. VIZCARRONDO-TORRES
USDC-PR No. 221714
P.O. Box 195642
San Juan, P.R. 00919-5642
Tels No. (787) 296-9521/9523
Fax No.  (787) 777-1399
fvizcarrondo@fjvtlaw.com
fvizcarrondo@gmail.com

13